IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TITLE LAND TRUST CO., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 22 C 949 |
| HON. JOEL CHUPACK, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This lawsuit arises from foreclosure cases initiated in state court, one filed by HSBC Bank concerning property at 951 E. Hyde Park Blvd. in Chicago ("the 951 case"), and two filed by ABN AMRO Mortgage Group and Bank of America N.A./US Bank Trust N.A. concerning property at 420 W. Grand Ave., Unit 1A, also in Chicago ("the 420 case"). The plaintiffs allege that the HSBC, ABN AMRO, and Bank of America (collectively "the banks") falsely represented themselves, and knowingly so, to be the holders of the promissory notes and mortgages involved in those cases. They also contend that the banks filed false documents in support of their claims for foreclosure.

The plaintiffs allege that everyone involved—the banks, their lawyers, and the judge—conspired to violate the plaintiffs' due process rights in various ways in the course of the foreclosure cases. In addition to the allegedly fraudulent filings and contentions just referenced, the plaintiffs contend that contrary to COVID-related

general orders of the Circuit Court of Cook County, *ex parte* orders were entered by the state court judges presiding over the cases, in some instances even though the plaintiffs were led by the general orders (or otherwise) to believe that the cases would be continued and no orders would be entered. In sum, the plaintiffs allege, they "have been forced to litigate for more than ten years cases [the banks] had no lawful right to file or their co-defendant attorneys to prosecute, and as to both of which they have no lawful note, mortgage or allonge." Compl. ¶ 74. They assert claims for conspiracy, violation of their due process rights, and slander of title, and to quiet title to the two properties.

The defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Collectively, they assert lack of federal court jurisdiction under the so-called *Rooker-Feldman* doctrine. The defendants also contend that the plaintiffs' claims are precluded by the doctrine of claim preclusion, should be dismissed under *Younger v. Harris*, and are otherwise legally deficient.

The *Rooker-Feldman* doctrine precludes a federal court from deciding a case "brought by [a] state-court loser[ ] complaining of injuries caused by [a] state-court judgment[ ] rendered before the district court proceedings commenced and inviting district court review and rejection of [that] judgment[ ]." *Andrade v. City of Hammond*, 4 F.4th 947, 949 (7th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 294 (2005)).

The plaintiffs contend, first, that *Rooker-Feldman* does not apply because there was not final judgment in the state court cases prior to the filing of this suit. First, they say was (and still is) no final judgment in the 951 case because, even though a

2

judgment of foreclosure had been entered, no judicial sale of the property has been held or approved. The plaintiffs argue that this defeats application of *Rooker-Feldman*. The Court disagrees. *See, e.g., Felgenhauer v. Nationstar Mortg. LLC*, No. 21 C 6163, 2022 WL 2703967, at *2 (N.D. Ill. July 12, 2022). The state court judgment in the 951 case was "effectively final." *Bauer v. Koester*, 951 F.3d 863, 867 (7th Cir. 2020); *see also Sykes v. Cook Cty. Cir. Ct. Probate Div.*, 837 F.3d 736, 742 (7th Cir. 2016) (interlocutory orders entered prior to final judgment "are not immune from the jurisdiction-stripping powers of *Rooker-Feldman*").

Regarding the 420 case, the plaintiffs note that that there was no "final" judgment until March 18, 2022, a little short of four weeks after they filed the present lawsuit. They say that *Rooker-Feldman* does not apply for this reason. Again, the Court disagrees. A judgment of foreclosure had been entered prior to the filing of this lawsuit. The judgment was effectively final, and thus *Rooker-Feldman* applies.

To decide whether the *Rooker-Feldman* doctrine precludes federal jurisdiction, a court applies a two-step analysis. The first question is whether the plaintiff's federal claims are independent of the state court judgment or whether, instead, they either directly challenge the state-court judgment or are inextricably intertwined with it. *See Andrade*, 4 F.4th at 950. Here both of the latter alternatives apply. The gist of the plaintiffs' claim is that the state-court judgments were procured fraudulently. That's more than enough to meet the first part of the *Rooker-Feldman* standard.

The fact that the plaintiffs are claiming fraud on (and perhaps by) the state court does not get them around *Rooker-Feldman*. *See, e.g., Nora v. Residential Funding Co.*, 543 F. App'x 601, 602 (7th Cir. 2013). The same is true of the fact that they are seeking

3

damages.  *See id.*  That aside, all, or nearly all, of plaintiffs' claims contain allegations that attack the state court judgments.  Their due process claims include allegations that the banks "had no legal right to file the foreclosure action."  Compl. ¶¶ 77, 81.  Similarly, their slander of title claims expressly allege that the banks "had no right to foreclose." *Id*. ¶¶ 93, 97, 102, 106, 110, 114, 118, 122, 126, 130.  And their quiet title claims specifically request terminating the banks' interests in the two properties, *see id.* ¶¶ 133, 135—which would amount to vacating the foreclosure judgments.  In sum, the Court concludes that the first element for application of *Rooker-Feldman* has been met.

The second question is whether the federal plaintiffs had a reasonable opportunity to raise the issues in the state court proceedings.  *See Andrade*, 4 F.4th at 950.  Again, this is plainly so.  Although the plaintiffs claim they were blindsided by the allegedly conspiratorial actions of the banks' attorneys and the state court, the plaintiffs have had a reasonable opportunity to seek to vacate each and every order entered by the state court, both at the trial court and on appeal.

For these reasons, the Court grants defendants' motions to dismiss for lack of subject matter jurisdiction.

Even if *Rooker-Feldman* does not apply, that would not save the plaintiffs' claims.  The doctrine of claim preclusion bars a party from raising later claims based on facts that could have constituted a defense or a counterclaim in a prior proceeding if the successful prosecution of the second claim would effectively nullify the prior judgment or impair rights established in the prior action.  *See, e.g., Henry v. Farmer City State Bank*, 808 F.2d 1228, 1232-33 (7th Cir. 1986) (federal RICO claims barred by claim preclusion because they attempted to relitigate the validity of a mortgage and could impair rights

4

established in state court mortgage foreclosure proceedings); *Lockhart v. HSBC Fin. Corp.*, No. 13 C 9323 2020 WL 6134984, at *5 (N.D. Ill. Oct. 19, 2020) (applying *Henry*). That is the case here, for the reasons discussed in connection with *Rooker-Feldman*. Thus if the Court were to find that it has jurisdiction, it would dismiss the case with prejudice based on claim preclusion.

The Court also denies the plaintiffs' motion to vacate the previously-assigned judge's order dismissing the damages claims against state court judge Joel Chupack based on the doctrine of absolute judicial immunity. The doctrine unquestionably applies, and the previous judge did not abuse his discretion in dismissing the claims against the judge *sua sponte*. The plaintiffs' motion to vacate an order by the previously-assigned judge denying an extension of time is likewise denied.

## Conclusion

For the reasons stated above, the Court grants the defendants' motions to dismiss [19] [24] [47] [56] [73] [81] and denies the plaintiffs' motions to vacate [76] [77]. The Court directs the Clerk to enter judgment dismissing this case for lack of federal subject matter jurisdiction. The status hearing set for November 29, 2022 is vacated.

Date: November 28, 2022

_____
MATTHEW F. KENNELLY
United States District Judge

5